OPINION OF THE COURT — by the
Hon. Geokge Winchestek.
Defendant claims dower in lands, held by her husband during cover-ture, under a certificate of purchase from the United States. After an entire payment of the purchase money into the land office, the land was *248 .sold underan execution to the plaintiff at a sheriff’s sale, to satisfy a judg ment obtained against the husband of the defendant.
Is she entitled to dower?
The appellant objects:
1st. That her husband was not legally seized of the lands duriug cov-erture, and the wife cannot be endowed of lands held in a certificate from •the board of commissioners.
The statutes of this state expressly give her dower, in lands purchased of the United States, the payment for which has not been completed, when -the husband dies possessed; and make a certificate evidence of title, or of :a legal seizin, in an action of ejectment; which clearly evinces the intention of the legislature to subject them to dower. Beside, after entire payment, the act of congress vests a complete legal title in the purchaser,.and the patent issued by the President is only evidence that a complete legal title is vested.
This question has also been previously determined in this court, in the •.cause of Hacld er’s heirs vs. Cable & wife, and we are satisfied of the correctness of that decision.
2nd. That the sale under an execution divests the widow oflier right ,of dower.
Our laws recognise but two methods by which the dower of the widow ■is barred. Either by the acceptance of an adequate provision by devise in lieu of dower, or by a voluntary relinquishment of dower. It cannot be alienated by the husband, or subjected to the payment of his debts, whether they be debts of record, or not of record. To consider a sheriff’s sale a divestiture of the right of dower, would be to enable the husband, in all instances, to alienate her dower, or subject it to his debts, without her consent, as he need only suffer a judgment to be rendered against him for the purchase money, or for his debts, to. convey a title to the .purchaser discharged of dower. We think, therefore, the order of the .court below, should be .confirmed.